SWAN v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN R'Y Co.

1. **Equity:** JURISDICTION: IRREPARABLE INJURY: EASEMENTS. The jurisdiction of chancery has been so extended as to grant relief to prevent the deprivation of rights connected with real estate, as the right to easements, and the like, without a showing that the injury threatened would be irreparable by damages in an action at law.

2. **Railroads:** PRIVATE CROSSINGS: USE OF: NOTICE TO SUBSEQUENT PURCHASERS. The purchaser of a railroad (at judicial sale in this case) is bound to take notice of the rights of land-owners along the line to private crossings, cattle-ways, etc., in use by them under contract, oral or otherwise, with the company which built the road, and cannot interfere to destroy or impair such rights.

*Appeal from Louisa District Court*—HON. W. R. LEWIS, Judge.

TUESDAY, OCTOBER 18.

ACTION in chancery to restrain defendant from destroying a passage-way for cattle and teams, constructed under defendant's railroad, for the use of plaintiff. There was a decree granting the relief prayed for in the petition. Defendant appeals.

*S. K. Tracy*, for appellant.

*Newman & Blake*, for appellee.

BECK, J.—I. The petition alleges that defendant's railroad passes over his land, and that he granted the right of way on condition of the construction and maintenance of a "passway" for teams and cattle under the railroad, which was made, and has been used for twenty years since the construction of the road. He alleges that defendant is about to fill up the "passway," and construct a culvert for water only. He asks that defendant may be enjoined from destroying this crossing under defendant's road. A decree was entered granting plaintiff the relief prayed for.

II.   It is first insisted that the petition fails to allege that the injury threatened plaintiff would be irreparable, and therefore the action should have been prosecuted at law.   The jurisdiction of chancery has been so extended as to grant relief to prevent the deprivation of rights connected with real estate, as the right to easements and the like, possibly upon the ground that such injuries are irreparable, and cannot be fully compensated by damages recoverable in an action at law.

*1. EQUITY: jurisdiction: irreparable injury: easements.*

III.   The defendant acquired the railroad by purchase at a sale under the foreclosure of a mortgage, executed by the corporation which built it.   Plaintiff executed a deed for the right of way over his land to the railroad company building the road.   This deed misdescribed the land.   Another deed containing a condition for the maintenance of the crossing or "passway" in question was executed and sent to the defendant, curing the misdescription.   But counsel insists that this deed was rejected by defendant.   The evidence clearly shows an oral agreement, with the company building the road, that the crossing in question should be constructed and maintained, and that it has been used by plaintiff for nearly twenty years.   We may assume that defendant's position, to the effect that the crossing is not secured by the deeds, is correct, yet it cannot, as a purchaser at a judicial sale, claim and occupy the right of way upon any other conditions than those fixed by the agreement of plaintiff, and the company building the road, of which defendant had notice.   Plaintiff was in the occupancy of the crossing, and defendant was charged thereby with notice of plaintiff's claim and rights thereto.   It would be a very harsh rule that, when a railroad is sold at judicial sale under a mortgage foreclosure, all rights of persons granting the right of way by oral contract are cut off.   Indeed, it would seem that the rights to the crossing and the like attach to the railroad itself, and purchasers at judicial sale acquire the

*2. RAILROADS: private crossings: use of: notice to subsequent purchasers.*

road subject thereto.    Crossings are necessary for the public, and for individuals; and railroads cannot be built without them.    They become a part of the road itself, to which individuals and the public have rights that cannot be defeated by the change of ownership of the railroad, by judicial sale or otherwise.    They are in the nature of easements, which go with the land, unaffected with the change of title.

We reach the conclusion that the decree of the district court is correct, and ought to be

AFFIRMED.