HUNTER v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

1. **Railroads**: RIGHT-OF-WAY DEED: COVENANT AS TO FENCES: FORMER ADJUDICATION: EVIDENCE. Plaintiff conveyed to a railroad company a right of way for its road. The deed provided that the company should "build a good and lawful fence on both sides of said road," and should make a good wagon-road crossing on the land. Afterwards plaintiff brought an action against a company which was formed by the consolidation of the grantee with another company, for the purpose of having the deed cancelled, and for general equitable relief, on the ground of failure to build the fences and crossing. In that action plaintiff claimed that he was entitled to a five-board fence, by an understanding when the agreement was made, and that claim was in issue ; but, after a trial on the merits, his petition was dismissed. In this action by the same plaintiff against defendant, which subsequently purchased the rights of the defendant in that action at sheriff's sale, to recover damages for a failure to maintain a five-board fence and two crossings, *held* that the files and decree in that case were properly admitted in evidence, as showing that the deed was sustained in all its provisions, and as tending to show the burdens, in respect to the land, assumed by defendant in this case when it purchased the road.

2. ——: ——: ——: : ADDITIONAL AGREEMENT OF PRESIDENT: EFFECT ON SUCCESSOR. In such case, the fact that plaintiff claimed damages of the intermediate company on account of its failure to build the fence and make a sufficient crossing for some years, and that such claim was settled by an agreement, made by the president of that company, for a five-board fence and two crossings, and the building of such fence and crossings accordingly, and the further fact that such fence and crossings were maintained by that company and enjoyed by plaintiff when defendant purchased the road at a sale under a deed of trust, did not bind defendant to forever afterwards maintain a fence of that kind and two crossings. The consideration for such agreement being only a claim for damages which was not a lien on the land, and the burden imposed thereby being junior to the trust deed under which defendant acquired its title, and not being necessary for the proper construction and operation of the road, defendant assumed no obligation in regard thereto when it purchased under the trust deed. (*Swain v. Burlington, C. R. & N. Ry. Co.*, 72 Iowa, 650, *distinguished.*)

3. **The Same:** RIGHT TO REMOVE FENCE BUILT UNDER ADDITIONAL AGREEMENT. But in such case, since plaintiff was not made a party to the foreclosure of the trust deed, and he was then in the enjoyment of the five-board fence and two crossings, defendant, as the purchaser at such sale, while not bound to maintain anything more than a lawful fence and one crossing, as provided in the right of way deed, could not lawfully remove the five-board fence and additional crossing.

4. **Bill of Exceptions:** PRESERVING EVIDENCE. Where a skeleton bill of exceptions states that the short-hand reporter's notes are on file, and makes them, and the translation thereof, a part of the bill, and directs the clerk to copy the translation thereof into the bill, this is sufficient, even though the translation is not filed until after the filing of the bill. (See Code, sec. 3777, and *Hampton v. Moorhead*, 62 Iowa, 92.)

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

FILED, JANUARY 16, 1889.

ACTION to recover damages for an alleged breach of an obligation to maintain certain fences and railway crossings. After all the evidence was submitted in the court below, the jury were instructed to return a verdict for defendant, which was done. Judgment was rendered on the verdict, and plaintiff appeals.

*Milton Remley*, for appellant.

*S. K. Tracy*, for appellee.

ROBINSON, J.—In the year 1868, the plaintiff executed and delivered to the Cedar Rapids & Burlington Railway Company a deed for the right of way across a farm then and now owned by him. The grantee and another company were subsequently consolidated, under the name of the Burlington, Cedar Rapids & Minnesota Railway Company. This company, by the consolidation, acquired all the rights conveyed by the deed, and built a railroad over the right of way thereby conveyed. It also executed a deed of trust to secure payment of construction bonds. This deed was foreclosed, and the road sold to defendant, and a deed therefor issued on the twenty-sixth day of June, 1876. The right-of-way deed executed by plaintiff recited a consideration paid

of one dollar, and contained the following : "Provided, the said railroad company shall build a good and lawful fence on both sides of said road, and make a good and sufficient wagon-road crossing on said land where the said Hunter shall designate." Plaintiff contends that prior to the execution of the deed it was agreed between the parties thereto that the company should build a good five-board fence, and it was intended that the deed should so provide, but that by mistake or fraud the words "five-board fence" were omitted, and in lieu thereof the words "lawful fence" were inserted ; that a five-board fence was built, but not until April, 1873 ; that in the latter part of June of that year plaintiff claimed damages, alleged to have been caused by the failure to build the fences until the preceding April, and by an insufficient crossing, and alleges that they were settled by a verbal agreement made by him with the president of the Burlington, Cedar Rapids & Minnesota Railway Company, Judge Greene ; that this agreement required the company last named to maintain a five-board fence, and to furnish another crossing ; that the second or west crossing was constructed soon after the settlement was made, and that both crossings and the five-board fence were maintained until 1881 ; that during that and the following year the west crossing was abandoned, and the boards of the fence in large part removed, and replaced with wire ; that since these changes were made the first or east crossing has not been properly maintained ; that defendant refuses to rebuild the crossings and maintain the five-board fence ; and that plaintiff has sustained damages, by reason of the wrongful acts of defendant, in the sum of one thousand dollars, for which judgment is asked.

I. The defendant alleges that all matters upon which the plaintiff seeks to recover in this action were finally adjudicated by the district court of Johnson county on the thirteenth day of June, A. D. 1873, and decided against him in an action wherein he was plaintiff, and the Burlington, Cedar Rapids & Minnesota

1. RAILROADS : right-of-way deed : covenant as to fences : former adjudication : evidence.

Railway Company was defendant. To sustain this averment, defendant was permitted to introduce in evidence the files and decree in that case, and their admission is assigned as error. The dates of the commencement of that action, and the filing of the petition, are not shown; but the answer was filed on the twenty-seventh day of May, 1873, and the decree was rendered on the thirteenth day of the next month. The records introduced show that the action was brought to cancel the right-of-way deed for the failure of the defendant therein to construct the fences and crossings specified in the deed, and that the alleged agreement to build a five-board fence was in issue. The answer denied the alleged agreement, and pleaded a full performance of all obligations on the part of the defendant. The decree recites a trial on the merits, a finding for the defendant, and a dismissal of the petition of plaintiff. Appellant contends that, as that action was brought for a cancellation of the right-of-way deed, while this is brought to recover damages for a failure to maintain the fences and crossing which the deed contemplated, an adjudication in the former case cannot operate as an estoppel in this. It is true the same relief was not asked in the two actions, but the validity and effect of the deed, and the agreement by virtue of which it was executed, were involved in both. The decree, in effect, determined that the deed was valid and in force, and that the company had fulfilled on its part the requirements of the agreement. The appellee, as a subsequent purchaser of the road for value, had a right to rely upon the deed as it was construed by the adjudication. The plaintiff did not ask for a reformation of the deed, but asked that it be cancelled, and for general equitable relief. As no relief was granted him, it must be presumed that he failed to show himself entitled to any, and that the deed was sustained as to all its provisions. It provided for a good and lawful fence, and not for a five-board fence, and for one crossing. It was therefore competent for the defendant

to prove the adjudication as tending to show the burdens it assumed with respect to the land in question when it purchased the road.

II. Is the defendant bound by the agreement made between plaintiff and Judge Greene, as president of the Burlington, Cedar Rapids & Minnesota Railway Company, in June, 1873? Appellant insists that it is, and urges, in support of his claim, the fact that when defendant purchased the railway in question the crossing and fences for which he contends were being maintained by the company above named, and that plaintiff was in the enjoyment of them ; hence the defendant purchased with knowledge of plaintiff's rights. If there was any consideration for the agreement of June, 1873, it consisted solely of claims of the plaintiff for damages which were not liens on the right of way, but were in the nature of personal demands against the company which built the road, for failure to perform its agreement. Plaintiff attempted to obtain payment of these claims by securing an easement in the form of a permanent crossing, and by placing an additional and permanent burden upon the owner of the right of way, which should be in the nature of a covenant running with the land, and require the maintenance of a fence of a particular description. Neither of these burdens was required for the proper construction and operation of the road, and were not authorized by the deed of trust through which defendant claims title. They were junior to the deed of trust, and subject to it. Hence the defendant, in acquiring title by virtue of the foreclosure sale, assumed no obligation in regard to them. This case is entirely different from that of *Swan v. Burlington, C. R. & N. Ry. Co.*, 72 Iowa, 650. In that case the plaintiff had acquired a valid right to a passage-way when the road was built, and, having been in the possession and enjoyment of it when the defendant purchased, did not lose his right thereto. The case of *Close v. Burlington, C. R. & N. Ry. Co.*, 64 Iowa, 149, is more nearly in point.

<div style="margin-left:2em">2. ——: ——: ——: addition-al agreement of president: effect on successor.</div>

III. But it is insisted by appellant that, even if there be no obligation on the part of defendant to maintain anything more than a lawful wire fence and one crossing, yet he was in the actual enjoyment of the five-board fence and two crossings when defendant acquired title, and therefore defendant was liable for removing them. In response to this it is contended that the removal was completed more than five years before the commencement of this action, and that plaintiff's cause of action, therefore, is barred by the statute of limitations. We are of the opinion that, while the defendant was under no obligation to maintain the west crossing and the five-board fence, yet the plaintiff, having been in the rightful enjoyment of them, and not having been made a party to the foreclosure proceedings, could not lawfully remove them. The evidence as to the date of the removal is conflicting. Some of the boards were not removed until 1882. It is not clear, therefore, that plaintiff's right of action as to that is barred. Some of the evidence tends to show that the east crossing has not been properly maintained since the year 1881. We conclude that the court below erred in not submitting the case to the jury.

IV. The appellee has filed a motion to strike the evidence from the abstract, on the alleged ground that it was not properly certified and preserved by bill of exceptions. It appears that a skeleton bill of exceptions was filed on the twentieth day of January, 1888. It states that the short-hand reporter's notes of the evidence are on file, and makes them and the translation thereof, a part of the bill of exceptions, and directs the clerk to copy the translation into the bill of exceptions. The translation was filed on the eighth day of March, 1888. We think this was all that was required. Section 3777 of the Code (as amended) contemplates the filing of the transcript of the short-hand reporter's notes of the evidence after the filing of the bill of exceptions. We think the evidence was properly preserved and certified under the

*Marginal notes:*

3. THE same: right to remove fence built under additional agreement.

4. BILL of exceptions: preserving evidence.

statute relating to actions at law. *Hampton v. Moorhead*, 62 Iowa, 92. The motion is therefore overruled. For the errors indicated the judgment of the district court is
REVERSED.