THOMAS W. D. RATHBUN *vs.* N. Y., N. H. & H. R. R. Co.

WASHINGTON—APRIL 30, 1897.

PRESENT : STINESS and TILLINGHAST, JJ.

A railroad was so constructed over a tract of land as to separate it into two par cels, and a bridge was put in to enable the owner to pass from one parcel to the other. On the layout of the road the adjustment of damages to the land owner had been made with reference to such passway between the separated parcels. Subsequently R. purchased one of the parcels, and afterwards the owner of the railroad discontinued the passway or bridge.

*Held*, that the railroad company, having had the benefit of reduced damages by reason of a passway between the two parcels of land, had no right, upon a

severance of title to impose a new damage to one of the parcels by cutting off a way to and from it which is preserved by deed through the other parcel.

Where a railway company which has put in a crossing, in compliance with an agreement between itself and the owner of adjoining land, continues to maintain the crossing after the land owner has conveyed it to another, it may be estopped from claiming that the subsequent grantee is not entitled to the crossing.

ACTION to recover damages for obstructing a passway under defendant's railroad. Heard on defendant's petition for a new trial.

STINESS, J. The New York, Providence and Boston Railroad Company located its road through the land of Martha Greene, in North Kingstown, building an embankment for its road-bed, which separated the land into two parts.

Upon the complaint of Mrs. Greene, a bridge was put in for a passway between the two parts. The building of the road began in 1834, and trains were running in 1837.

The date and circumstances when the bridge was put in do not further appear, but we do not think that they are material. The commissioners to estimate damages caused by the layout awarded $700 to Mrs. Greene, and stated in their report that it "included the damages for the inconvenience which the several land owners would be put to in consequence of being confined to particular places in passing over the railroad," but they did not report how the passway should be constructed; leaving that to a subsequent report, if the parties should not agree. The award, therefore, under this report, is for land taken and for the damages arising from the separation of the parcels with passways at particular places.

Upon the appeal of the railroad company the award was reduced, presumably on the same basis, since nothing is changed by the verdict except the amount to be awarded.

The defendant claims that the passway was put in simply as an accommodation and that, as Mrs. Greene sold her land in parcels and this plaintiff bought land only on one side of the track, the severance of the title terminated the right to a passway, even if it be assumed that it existed before.

The defendant also claims that, having condemned and

paid for the land, it is to be presumed that it has paid for the whole land, free from any right of way across it.   We do not see how this can be so, in view of the statement in the report of the commissioners that the award made was to include passways at particular places, coupled with the fact that a passway was then put in at this place, which has been used for sixty years.   If, then, she was not paid for the complete severance of her estate, she had a right to the passway. We next ask, was that right confined to her so that upon sale of her land her grantees would have no easement of way ?   The right of way was supposed to have been continued to all purchasers from Mrs. Greene, by grant or reservation in the deeds.   There can be no doubt that the purchasers supposed that the passway continued for their benefit. Now if it does not, let us see what the result is.   She has been paid for a strip through her land, with the two parts connected by a passway.   From either side there is access to the other, and her damages are assessed accordingly.   In time she wants to sell the land on one side.   Now if on that severance the passway ceases, then her land is cut off by itself, and possibly with no other way to get to or from it.   It is worthless.   It is practically condemned as much as the land within the layout, but this damage has not been paid for.   It would be most inequitable to award damages upon the assumption of a way to and from a piece of land, and then when it comes to selling it to say that there is none. The loss and damage, for which no award has been made to the owner, would come then.   But if she can sell it with the right of the passway, she sells in accordance with the terms of the award and the plain intent at the time.   She gets the value of her land, because it is accessible.   But if she has the right to sell it with the passway, of course the purchaser must have the right to its continuance ; otherwise he is made to suffer the damage without compensation.   In 3 Elliott on Railroads, § 1149, it is said : . "And where the railway company which has just put in a crossing, in compliance with an agreement between itself and an adjoining land owner, continues to maintain the crossing after the

land owner has conveyed it to another, it may estop itself to claim that the subsequent grantee is not entitled to the crossing." We regret to find that the case cited, *Stewart* v. *Cincinnati R. Co.*, 89 Mich. 315, does not fully warrant the proposition, but, nevertheless, we consider it sound in principle and we adopt it. It must be so, whether the land is sold as a whole to one person or in parcels to different persons. Unless the right of way goes with the land, the injustice which we have pointed out is liable to occur. *Stewart* v. *Cincinnati R. Co.* simply decides that if a railroad company maintains a crossing, when it is not bound to do so, it must still use ordinary care to prevent damage to those who accept the invitation to use it. A more pertinent authority referred to in the same section is *Swan* v. *The Burlington, C. R. & N. Railway*, 72 Ia. 650, where it held that the purchaser of a railroad is charged with notice of the rights of land owners to private crossings, in use, whether under oral contract or otherwise, and cannot interfere to destroy or impair such rights. See also *Rock Island* v. *Dimick*, 144, Ill. 628. If the purchaser of a railroad is charged with notice of an apparent easement, which would affect the defendant in this case, by parity of reasoning, the purchaser of land which such an easement serves is entitled to take notice of its existence, and his purchase under such circumstances is the ground of estoppel on the part of the railroad company. The company, having had the benefit of reduced damages by reason of a passway between the two parcels of land, has no right, upon a severance of title, to impose a new damage to one of the parcels by cutting off a way to and from it, which is preserved by deed through the other parcel. We do not think, therefore, that the verdict was against the evidence. It is suggested in the defendant's brief that the damages were excessive, but this cause is not alleged in the petition for a new trial.

*Walter B. Vincent and Dexter B. Potter*, for plaintiff.

*Nathan F. Dixon and John W. Sweeney*, for defendant.