Isaac Stearns, Jr. *vs.* Edwin A. Janes.

The use of an easement under claim of right, by virtue of a parol contract, is adverse; and if continued for twenty years will create a right.

If a bill of exceptions does not show that there was any evidence to prove the existence of facts upon which instructions were requested, the exceptions will not be sustained on account of the refusal of the judge to give those instructions.

Tort in the nature of trespass *quare clausum.* The defendant justified under a claim of right to enter upon the plaintiff's 'and and get water from a well situated thereon.

At the trial in the superior court, before *Morton*, J., there was evidence tending to show that the well was originally dug, more than fifty years ago, at the mutual expense of those who then held the plaintiff's and defendant's estates, which were separated by a highway, and upon a mutual understanding and agreement that the same should be for the mutual benefit and use of the parties; and that thereafter, and to a period of time within twelve years, those holding under said former owners had at different times cleaned the well and contributed jointly towards the expense of maintaining fixtures and apparatus for drawing water from it; and it appeared that the defendant and his predecessors for more than fifty years had enjoyed the use of the water of the well, and a way over the plaintiff's land to it.

There was also evidence tending to show that the plaintiff had substituted a new apparatus for drawing water from the well, without previous consultation with or notice to the defendant, and had called on the defendant for contribution of a portion of the expenses thereof, which was refused by the defendant, who claimed the right to take water and travel over the plaintiff's land as he had theretofore done, without paying any part of the said expenses.

The plaintiff asked the court to rule that if the use began in contract, a use so begun and continued could not ripen into a title; but the judge instructed the jury that the use by the defendant and his grantors must be adverse; that if it began in permission or license, it could not ripen into a title, however long continued; but if by reason of a parol grant or contract the defendant's grantors commenced and continued the use of the well and way under a claim of right, such use would be adverse; and that in this case, if the jury were satisfied that the original parties to the transaction dug the well under a verbal contract that they should own and have the right to use the well and the way in common, and thereupon the defendant and his grantors began and have since continued the use under a claim of right, such use would be adverse and would ripen into a title.

The plaintiff further asked the court to instruct the jury that if they should find that the repairs made by the defendant were reasonable and necessary, and if the well was dug by both of the original parties with the understanding and agreement that both parties should contribute a portion of the expense of keeping the well and apparatus in repair, and the defendant refused to contribute his reasonable portion on demand, the plaintiff would have a right to prevent the defendant from using the water of the well, and the fixtures and apparatus which the plaintiff had set up there, until the defendant should contribute his portion. The judge ruled to the contrary.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*G. M. Stearns*, for the plaintiff.

*H. Morris*, for the defendant.

CHAPMAN, J. The actual use of an easement, as of right, for twenty years without interruption creates the presumption of a grant. *Barnes* v. *Haynes*, 13 Gray, 188. *Blake* v. *Everett*, 1 Allen, 248. If the use of a way is under a parol consent given by the owner of the servient tenement to use it as if it were legally conveyed, it is a use as of right. *Ashley* v. *Ashley*, 4 Gray, 197. So an occupation of land under a parol gift from the owner is an occupation as of right. *Sumner* v. *Stevens*, 6 Met. 337. So if under a parol contract by a tenant in common. *Leonard* v. *Leonard*, 10 Mass. 281. In such cases the law presumes, after the lapse of twenty years, that a legal conveyance was made. But the character of the use or occupation depends upon the language used and the manner of the enjoyment. If the language is such as to create only a license or a lease, the enjoyment is regarded as permissive, and not as of right, and no title is acquired by it. *Cheever* v. *Pearson*, 16 Pick. 266.

The instructions given to the jury in the present case state this distinction with sufficient clearness, and are correct.

There being no evidence to show that the right of the defendant was conditional and dependent upon his contributing to the expenses of such repairs as the plaintiff should make, the jury

were properly instructed that the right was not forfeited by a neglect and refusal to make such contribution.

*Exceptions overruled.*