SCHOOL DISTRICT, Appellant, v. JAMES A. LINDSAY,
Respondent.

#### Kansas City Court of Appeals, December 7, 1891.

1. **License: WHEN NOT REVOCABLE: CONSIDERATION.** While a parol
license to enter upon real estate is generally revocable at the pleas-
ure of the licensor, it is settled that such license cannot be revoked
when the licensee on the faith of the license with the knowledge
of the licensor has expended his money and labor in carrying
out the object of the license (in this case, digging a well to fur-
nish water for a district school), and there need be no considera-
ation going to the licensor.

2. ———: **ADVERSE POSSESSION.** If the licensor asserts a claim
inconsistent with the license and in derogation of it, such conduct
would amount to a renunciation, and, unless followed by adverse
possession for a sufficient time would oust the licensee.

*Appeal from the Carroll Circuit Court.*—HON. J. M.
DAVIS, Judge.

REVERSED AND REMANDED.

*Hale & Son* and *J. W. Sebree*, for appellant.

(1) We insist that the facts shown gave the
school district an easement in and the right to use said
well, which could not be taken away nor destroyed at

the will of Lindsay. *House v. Montgomery*, 19 Mo. App. 171 ; *Gibson v. Mech. Ass'n*, 33 Mo. App. 165 ; *Baker v. Railroad*, 57 Mo. 265 ; *Railroad v. Mitchell*, 69 Ga. 114; *Railroad v. McLanahan*, 59 Pa. St. 23 ; *Wilson v. Chalfant*, 15 Ohio, 248 ; *Stephens v. Benson*, 19 Ind. 367; *Iron Co. v. Wright*, 5 Stewart ( N. J. Equity ) 248 ; 3 Kent, Com. [ 6 Ed.] p. 452, top p. 582 ; *Rerick v. Kern*, 2 Am. Leading Cases ( Hare & Wallace), p. 682.

*J. L. Graham* and *J. L. Mirick*, for respondent.

(1) The testimony as it appears in plaintiff's abstract shows conclusively that the use of the spring or well by the appellant was under an executory parol license granted by the respondent as a mere gratuity, and without any date as to its duration. Such a license is revocable at the pleasure of the licensor. *Nelson v. Nelson*, 41 Mo. App. 130. (2) There is no element of adverse use or holding in this case. The appellants have during the whole period used the water with the permission and consent of the respondent. To have acquired any rights to the well or spring by using it, such " use and enjoyment must have been adverse under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the estate." Washburn, Eas. & Sew. 131.

ELLISON, J.—This is an injunction proceeding to restrain defendant from destroying a well on his own lands. A temporary order was dissolved and the school district appealed. It appears that several years ago the defendant gave the school district a license to dig a well near the school grounds, but upon lands of defendant, and to get water therefrom for the use of the school ; that in pursuance of this license the district expended money in digging, walling, curbing and putting in a pump ; that it used the well for several years ; that

recently defendant asked the district officials to sign an agreement that on twelve months' notice from him it would give up the use of. the well. The district refused and defendant began to destroy the well by tearing out the pump and turning into it unclean surface water.

Under the rule as recognized in this state we are compelled to reverse the judgment. While a parol license to enter upon real estate is generally revocable at the pleasure of the licensor, it is settled that such license cannot be revoked when the licensee on the faith of the license, with the knowledge of the licensor, has expended his money and labor in carrying out the object of the license. This is on the principle of estoppel. *House v. Montgomery*, 19 Mo. App. 170, and cases cited; *Gibson v. St. Louis*, 33 Mo. App. 165; *Rerick v. Kern*, 14 S. & R. (Pa.) 267. And there need not be any beneficial consideration going to the licensor. The case of *Nelson v. Nelson*, cited by defendant, was a mere permissive use, with no element of estoppel. The right to get water from the well will continue until revoked by the parties, or in other ways known to the the law.

Counsel for defendant appear to lay stress upon there being sufficient adverse possession made out, but the foregoing views show that there need not be any adverse possession by the school district. Indeed, if it can be shown that the plaintiff asserted a claim inconsistent with the license and in derogation of it, such conduct would amount to a renunciation of the license, and, unless followed by adverse possession for sufficient length of time, would oust plaintiff of any right to use the water.

The judgment is reversed, and the cause is remanded. All concur.