[No. 4945.]

GYRA v. WINDLER.

1.  Real Property—Easements—Prescription—Right of Way.

Where the donee of a right of way across the property of another which has been granted by parol and not by deed, has uninterruptedly used the same for more than 20 years with the knowledge, consent and acquiescence of the donor and his grantees, and has made improvements and expended money because of the grant, and would not have purchased the property to which the right of way is pertinent excepting for the granting of the same, his right to the use thereof may not be terminated by the donor or his grantees.—P. 369.

2.  Same—Width of Right of Way.

Where, in an action to restrain defendant from interfering with plaintiff's alleged right of way through defendant's premises, the finding is for plaintiff, but there being no allegation in the complaint or evidence introduced as to the width of such right of way, the court cannot specify the width in the decree.—P. 371.

3.  Same—Practice in Civil Actions—Evidence.

In an action to restrain defendant from interfering with plaintiff's right of way over defendant's premises, such easement having been granted by parol, it was not error to admit evidence of the price plaintiff paid his grantor for the premises to which the right of way was pertinent, or evidence in regard to the construction of his residence at the end of the road, since such evidence tended to show that plaintiff had placed himself in a position, and had expended money, which he would not have done but for the making of the grant and the acquiescence therein by defendant.—P. 371.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Frank T. Johnson, Judge.*

Action by Henry Windler against Rudolph Gyra. From a judgment in favor of plaintiff, defendant appeals.    *Affirmed in part and reversed in part and remanded.*

Mr. THEODORE H. THOMAS, for appellant.

Messrs. WHITFORD & MAY, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

In the year 1875 Detlef Moller made a homestead filing on the northeast quarter of section 24, township 3, south of range 66 west. He built a house near the west line of the section and about a quarter of a mile north of the south line of the quarter section. He also had a half section of railroad land and a timber claim. Mr. Thompson, the brother-in-law of Moller, settled upon the northwest quarter of section 24 in the spring of 1875. There was a county road running north and south along the west line of section 24. In order to reach this county road Moller went in a westerly direction across Thompson's land, Thompson consenting to this arrangement for a while, when he objected. Moller then told him that unless he could continue to use this way across Thompson's land, it would be necessary for him to condemn a right of way across the north line of section 24. Thompson did not want this to be done because he owned the land north of section 24 and it would be more injurious to his property to have a road laid out along the north line than to permit Moller to use the road across his place. So Moller was permitted to continue to use it.

In the spring of 1883 Moller sold his property to appellee Windler. Windler declined to purchase the land unless some way was provided for him to reach the public highway at the west of Thompson's place. He wanted a road laid out along the north line of the section. Thompson objected to this because it would be more injurious to his property than to have Windler continue to use the road which had theretofore been used by Moller. So Thompson gave Windler the right to use the road across his place as the same had been theretofore used. This gift was by parol, no writing of any kind was made.

It seems to have been given by Thompson because Windler declined to buy the property from Thompson's brother-in-law unless he could have a road connecting him with the public highway. Some time later Thompson sold his property to Tilden, and Tilden sold to appellant in 1890. In 1894 appellee constructed a new eight-room brick dwelling upon his land at the terminus of the road across appellant's land. From the time appellee purchased the land from Moller, and was given the right to travel over Thompson's land, there was no objection raised to his using the road until September, 1903, something more than twenty years, at which time appellant sent appellee a written notice that he intended to close the gate at the fence on the northwest quarter of section 24 opposite appellee's house and gave appellee sixty days' time to quit going through appellant's property. Upon this state of facts appellee brought an action for injunction, alleging the ownership of his land; that the defendant owned the northwest quarter of section 24 and other lands, and that "the plaintiff is the owner of an easement in and a right of way through, over and across the northwest quarter of said section 24," describing the line thereof with reasonable certainty; that appellant threatened to close the road and that appellee had no other way to reach the public road. Defendant answered the complaint and the matter went to trial to the court without a jury. The court found that appellee was the owner of the right of way and made a decree restraining defendant from interfering with the use of it, and also providing that the right of way was thirty-five feet wide.

The action is brought here upon appeal. The principal contention of appellant is that whatever grant was made by Thompson was a mere license or permission which could be revoked at the pleasure

of the licensor. The finding of the trial court is against the contention of appellant as to this proposition. The court distinctly found that Thompson "knowing that the plaintiff would not make such purchase without such easement and right of way aforesaid, then and there gave and granted to the plaintiff the easement and right of way aforesaid for the purpose aforesaid for a valuable and meritorious consideration; that said easement and right of way was to be permanent and not terminable at the will of said Thompson."

This finding is supported by the testimony and will not be disturbed. Where the donee of a right of way across the property of another, which has been granted, not by deed, but by parol, has uninterruptedly used the same for more than twenty years with the knowledge, consent and acquiescence of the donor and his grantees, where he has made improvements and expended money because of the grant, and where he would not have purchased the property to which the right of way is pertinent except for the granting of the same, his right to the use thereof may not be terminated by the donor or his grantees.

The following appears to be the rule in such cases:

"But though a right of way cannot be gained by the parol agreement of him who creates it, yet where, under such agreement, the owner of the dominant estate used the way thus created for twenty years, and the same was acquiesced in by the owner of the servient estate, it was held to be such an exercise of the way, under a claim of right, as to gain thereby a prescriptive right to the same.

"And it is no objection to gaining an easement by prescription, that the same was originally granted or bargained for by parol. That the use began by

permission does not affect the prescriptive right, if it has been used and exercised for the requisite period, under a claim of right on the part of the owner of the dominant tenement."—Washburn's Easements and Servitudes (4th ed.)*89.

To the same effect, see: *Huff v. McCauley*, 53 Pa. St. 206; *Ashley v. Ashley*, 4 Gray 197; *Jewett v. Hussey*, 70 Me. 433; *Stearns v. Janes*, 94 Mass. 582; *Lane v. Miller*, 27 Ind. 534; *Clark v. Glidden*, 15 Atl. (Vt.) 358; *Town of Spencer v. Andrew*, 47 N. W. (Iowa) 1007; *Messick v. Midland Ry. Co.*, 27 N. E. (Ind.) 419; *Campbell v. Ind. & V. R. Co.*, 11 N. E. (Ind.) 482.

Even though the contract between Thompson and appellee should be construed as a mere license, yet the rule is that an executed parol license cannot be revoked:

"A parol license to erect a dam upon another's land or to convey water from a stream running through the land of another for the purpose of erecting and conducting a flouring mill is in our opinion irrevocable after the party to whom the license was given has executed it by erecting the mill or otherwise expended his money upon the faith of the license."—*Lee v. McLeod*, 12 Nev. 284.

"The principle that expending money or labor in consequence of a license to divert a water course or use a water right in a particular way has the effect of turning such a license into an agreement that will be enforced in equity, has been frequently announced by the courts. In all such cases the execution of the parol license supplies the place of a writing and takes the case out of the statute of frauds."—*Ib.*

"While a parol license to enter upon real estate is generally revocable at the pleasure of the licensor, it is settled that such license cannot be revoked when the licensee, on the faith of the license with the

knowledge of the licensor, has expended his money and labor in carrying out the object of the license. This is on the principle of estoppel."—*School District v. Lindsay,* 47 Mo. App. 136.

To the same effect see: *Schilling v. Rominger,* 4 Colo. 105; *Tynon v. Despain,* 22 Colo. 240; *DeGraffenreid v. Savage,* 9 Colo. App. 135; *Rerick v. Kern,* 14 Sergt. & R. 271; *Sumner v. Stevens,* 6 Metcalf 338; *Arbuckle v. Ward,* 29 Vt. 52; *Snowden v. Wilas,* 19 Ind. 14; *Talbot v. Fourhan,* 91 Ky. 417.

In rendering its decree the court said: "It is further ordered, adjudged and decreed that the width of said right of way is seventeen and one-half feet on each side of the center of the present traveled way over and along the entire course of said private roadway."

There is no allegation in the complaint as to the width of the right of way, neither is there any testimony as to its width. The contention of appellee was that he was entitled to an easement for a roadway, and under the findings of the court and the testimony he is entitled to such easement to the width and extent as heretofore used. In the absence of any proof defining the same the court may not specify its width.

Appellant contends that the court erred in the admission of testimony as to the price which appellee paid for the land he bought from Moller, and as to his construction of his residence at the end of the road. This testimony was pertinent as tending to show that appellee had placed himself in a position, and had expended money, which he would not have done but for the making of the grant and the acquiescence therein by appellant.

We have carefully examined the record and the testimony in this case, and have concluded that the findings and decree are abundantly supported by the

same except as to the width of the roadway. The judgment will therefore be affirmed in all matters except that portion of the decree which provides that the right of way should be thirty-five feet wide. As to that it will be reversed and remanded with instructions to modify the decree in accordance with this opinion.                  *Reversed and remanded.*

Chief Justice Steele and Mr. Justice Goddard concur.