Points Decided.

(No. 4796.  December 27, 1927.)

## G. G. HARSIN, Respondent and Cross-Appellant, v. PIONEER IRRIGATION DISTRICT, a Public Corporation, Appellant and Cross-Respondent.

[263 Pac. 988.]

APPEAL AND ERROR—COURT RULES—PAYMENT FOR JOINT TRANSCRIPT—
WATERS AND WATERCOURSES — IRRIGATION DISTRICTS—FAILURE TO
SUPPLY WATER—DAMAGES—PROOF—DUTIES OF DISTRICT—TITLE TO
WATER — RIGHTS OF LAND OWNERS — POINT OF DELIVERY—PAROL
LICENSE — ESTOPPEL — POINT OF DIVERSION — JUDGMENT — SUFFI-
CIENCY.

1. Under supreme court rule 9 appeal of plaintiff refusing to pay his share of costs of procuring transcript should be dismissed.

2. Supreme court rules of practice were adopted and promulgated with intent that they should be strictly complied with in all respects.

3. In land owner's action against irrigation district for destruction of lateral and for failure to furnish irrigation water and to compel furnishing water in future, where plaintiff adduced no proof as to actual damages sustained from failure to furnish water on which court could have found for him in any substantial amount, judgment refusing him damages was proper.

4. Irrigation district is created for equal benefit and general welfare of all persons owning land therein, and it should deliver water for each tract of irrigable land within its boundaries.

5. Irrigation district holds title in trust to water and irrigation works for various water users who are entitled to share proportionately in entire water supply available for irrigation.

6. Where rights of all persons in irrigation district are of equal rank district has no right to charge land owner for maintenance of system and arbitrarily refuse to deliver to him proportionate share of water, and right to use of water therein cannot be divested by arbitrary act of board of directors, water-master or any other district officer.

7. Where irrigation district for considerable time furnished land owner with water at point from which it could be elevated by wheel and caused to flow through lateral along irrigation ditch over higher portion of owner's land, it was not justified

45 Idaho—24

in demanding that he lower level of land at his expense to permit furnishing water at another point.

8. Irrigation district giving land owner parol permission to construct on canal bank lateral by means of which he could irrigate high land, and permitting use thereof for several years, and relying on which land owner made various changes on his property, was estopped from later questioning his right to maintain and use such lateral.

9. Under C. S., sec. 8535, where land owner had by oral permission constructed lateral on canal bank and had arranged land and buildings with reference to water for irrigation obtained through such lateral, which had been used several years, he acquired vested irrevocable right to lateral's continuation, subject to district's right to enforce new, satisfactory and equally efficient diversion plan, and decree directing district to deliver water into ditch of land owner so that it would irrigate land, or in lieu thereof to reconstruct such lateral which it had destroyed, was proper.

10. Under C. S., sec. 8535, irrigation district can change place of diversion in its canal if in so doing water user is not injured, even though he has established and acquired point of diversion which he has legal right to use.

11. Decree requiring irrigation district to deliver water for certain tract of high ground at specified end of flume into ditch now constructed and maintained by plaintiff, or in lieu thereof to reconstruct his lateral from water-wheel to flume with carrying capacity equal to his lateral supplying five acres, which district had destroyed, was sufficiently definite and certain as to construction of lateral.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.   Hon. Ed. L. Bryan, Judge.

Publisher's Note.
    9.   See 15 R. C. L. 491.

See Appeal and Error, 3 C. J., sec. 1134, p. 1102, n. 21.
Courts, 15 C. J., sec. 288, p. 909, n. 8.
Estoppel, 21 C. J., sec. 163, p. 1160, n. 73.
Judgments, 33 C. J., sec. 58, p. 1103, n. 29.
Waters, 40 Cyc., p. 829, n. 7, p. 832, n. 23 New, p. 839, n. 77.

Action for damages and equitable relief. Judgment for plaintiff for equitable relief only. Both parties appeal. *Affirmed.*

Rice & Bicknell, for Appellant.

It was error to require defendant by the judgment in this case to deliver water for five acres of land at the north end of the flume mentioned in the judgment, or in lieu thereof to construct a lateral for respondent from the water-wheel to the said flume with a carrying capacity equal to the carrying capacity of a lateral leading from said flume to respondent's land, and to deliver said water into said lateral at the water-wheel.

Respondent's permission to use the bank of the Phyllis Canal for a lateral was a parol license and not an easement, and upon the evidence in this case was revocable at any time. (*McReynolds v. Harrigfeld*, 26 Ida. 26, 140 Pac. 1096.)

That portion of the decree in paragraph 1 of the decree, wherein appellant is required to construct an irrigating lateral with a carrying capacity equal to the carrying capacity of the present irrigating lateral, is indefinite and uncertain, there being nothing in the pleadings, the evidence or the findings as to the carrying capacity of said present irrigating lateral, and defendant asks this court that the same be stricken from said judgment. (*Hand v. Twin Falls Co.*, 40 Ida. 638, 236 Pac. 536.)

Walter Griffiths, for Respondent.

Appellant's duty to deliver water to respondent and respondent's right to demand and receive water for the irrigation of his land is a continuing duty on the part of appellant, and a continuing right on the part of respondent. And an impairment of this right could not be barred by the passing of time, or the statute of limitations. (37 C. J. 853, sec. 213b; 38 C. J. 832; *Briggs v. Avary*, 47 Tex. Civ. App. 488, 106 S. W. 904.)

The record in the case of *McReynolds v. Harrigfeld,* 26 Ida. 26, 140 Pac. 1096, shows that the parties in granting the license had agreed that it might be revoked at will. The evidence in this case shows an oral agreement to grant an easement, which when acted upon became irrevocable, and was removed from the statute of fraud.

The record in this case shows that respondent suffered injury by the acts of appellant, which resulted in damage that could not be compensated for in money, and which was threatened to be continued.

ADAIR, Commissioner.—The plaintiff is owner of twenty acres of agricultural land within the Pioneer Irrigation District, and is entitled to water for its irrigation from what is known and designated as the Phyllis canal of that district, which water is diverted from this canal through certain laterals privately owned by plaintiff. Water for all of the farm, except approximately five acres, which is too high to be irrigated by gravity, is obtained through diversion works and a headgate in the side of the canal. For many years water for this high land was procured by means of a water-wheel, and through a different lateral than that used for the irrigation of plaintiff's low lands. About the year 1910, plaintiff in collaboration with a neighbor, repaired the framework of an old abandoned water-wheel, and constructed a new one in the canal at a point above his land. He utilized this water-wheel thereafter for the purpose of lifting water from the canal to the top of the bank thereof, so he could obtain water for his high land. He procured the consent of the irrigation district to construct a lateral along the north bank of the canal for some distance. This lateral was constructed and used for many years for the irrigation of plaintiff's land, its elevation above the surrounding country obviating the necessity of a flume or fill, and thereby giving the necessary level and grade for the gravity flow of water. In 1917, the district, in order to accommodate him, moved the water-wheel down the canal past a certain corral and public road which had interfered with the use of

plaintiff's ditch. The district notified him that it would deliver water for his high land at the place where the wheel was thus installed. Plaintiff continued, as in the past, to use the lateral on the canal bank as a conduit for his water. Soon thereafter, because of alleged injury to the bank of its canal, and because it was claimed that the lateral interfered with the use of the grade by ditch riders, the district notified plaintiff that his lateral must be removed. In March, 1918, the district itself destroyed and removed plaintiff's lateral, which had been constructed and used as aforesaid. Since that time plaintiff has been without water, from the Phyllis canal, for the irrigation of this five-acre tract of high land.

This action was commenced to recover damages because of the destruction of the lateral, and damages for the alleged failure of the district to furnish plaintiff with irrigation water for a period covering many years; and plaintiff also sought thereby to compel the defendant to deliver him water in the future. After the issues were properly formulated, the action was tried by the court, a jury being waived, and judgment entered to the effect that plaintiff was not entitled to recover damages, but the district was required to deliver water during each succeeding season for use on plaintiff's high land, such delivery to be made by it at the north end of a certain flume which crosses this canal, or in lieu thereof, at the water-wheel, and the defendant was further required, in the latter event, to reconstruct the lateral from the water-wheel down the canal bank to the flume so as to connect with that portion of the irrigation system of the plaintiff which was not situated on defendant's right of way. Each party appealed from certain parts of the judgment and decree thus entered, the plaintiff appealing from that portion which denied him damages, and the defendant appealing from that portion which directed it, in the alternative, to deliver water as aforesaid.

[1] A motion to dismiss the appeal of plaintiff was filed and argued, the same being based upon the following facts: By written stipulation it was agreed that on payment of

one-half of the costs by each party, each might use the transcript on his appeal to the supreme court; at the time of the oral argument before this court, an affidavit on behalf of the defendant was presented showing that plaintiff had failed and refused to pay his proportion of the costs of procuring the transcript, and it appeared that he still refused to do so, even though his attention was called to the agreement. Rule 9 of the rules of practice of this court, relative to the joint use of transcripts, reads in part as follows:

"When separate appeals or cross-appeals are taken, but one transcript need be prepared or filed; Provided, that each party shall be entitled to use the same and have included therein such parts of the record to which he is entitled as he shall require by appropriate praecipe, if he shall pay to the reporter or clerk the fees, or to the opposite party, or to the clerk or reporter for such opposite party if he has already paid therefor, his proportionate share of the costs thereof," etc.

[2] These rules were adopted and promulgated with the intent that they be strictly complied with in all respects. The plaintiff has not perfected his appeal, since he has not paid his share of the expense of procuring the transcript as he expressly contracted and is required to do, and as a consequence he is not entitled to be heard thereon.

[3] However, the entire transcript is before us, and has been examined in connection with the appeal of the defendant, and it is evident therefrom that there could have been no findings, based upon the evidence, which would support a judgment allowing compensatory damages. At the most, plaintiff would have been entitled to merely nominal damages. There are certain well-recognized rules for measuring damage resulting from the loss of growing crops, herbage, pasturage, shrubbery and ornamental and fruit trees. This court has repeatedly laid down these rules, in cases of which the following are some: *Risse v. Collins*, 12 Ida. 689, 87 Pac. 1006; *Hanes v. Idaho Irr. Co.*, 21 Ida. 512, 122 Pac. 859; *Watkins v. Mountain Home Co-op. Irr. Co.*, 33 Ida. 623, 197 Pac. 247; *Kellar v. Sprout*, 35 Ida. 273, 205

Pac. 894; *Kingsbury v. Bacon,* 38 Ida. 701, 224 Pac. 438; *Mahaffey v. Carlson,* 39 Ida. 162, 228 Pac. 793. There was absolutely no proof adduced as to the actual damages sustained during any one of the years mentioned in the complaint, on which the court could have found for the plaintiff in any substantial amount. No error was committed in rendering that part of the judgment from which the plaintiff attempted to appeal.

[4–6] An irrigation district is created for the equal benefit and general welfare of all persons owning lands therein. Such district owes a duty to deliver water for each tract of irrigable land within its boundaries. The district holds title in trust to the waters and irrigation works, for the various water users who are entitled to share proportionately in the entire water supply available for irrigation purposes. Such district cannot tax or charge a land owner for the maintenance of its system, and then arbitrarily refuse to deliver him his proportionate share of the water owned by it or under its control. The rights of all persons in the Pioneer Irrigation District are of equal rank, and should be respected. The right to use the water of the district cannot be diverted by the arbitrary act of the board of directors, the water-master or any other officer of such district.

[7] The district had theretofore and for a considerable length of time furnished respondent and allowed him to convey his water in such manner as to flow upon this higher portion of his land in its natural elevated state, and the district was not justified, under the facts in this case, in demanding that he lower the level of this land at his expense to permit the district to furnish water at a point other than where it had previously delivered the water.

[8] It is next contended that he had only acquired a revocable license or easement for the lateral which was destroyed. The court found, on substantial evidence, that during the years 1913 to 1918, inclusive, with the consent

of the defendant, plaintiff maintained and operated an irrigation ditch or lateral, which he had constructed, from a point on the north bank of the Phyllis canal and along said north bank from the "old wheel site" to the north end of a flume crossing the canal, and that on March 27, 1918, the defendant caused this lateral to be plowed in and filled up, and prevented plaintiff from reconstructing the same; that prior to that time plaintiff had supplied his high land with water through such lateral; that a portion of the five acres of high land was occupied by a dwelling and farm buildings, and the balance was used for orchard, lawn, gardens and fruit and ornamental trees, and had been annually planted to truck and garden crops; that during each of said years defendant had supplied plaintiff with water in quantity sufficient to irrigate that portion of his property; that during the years 1919 to 1922, inclusive, the defendant failed and refused to supply water for such high land; that defendant had threatened to and would, unless required in this action, refuse to deliver to plaintiff his *pro rata* share of water for the irrigation of this tract; and that plaintiff had paid all taxes and maintenance charges levied and assessed against his land each year as the same became due. These facts do not bring this case within the rule announced in *McReynolds v. Harrigfeld,* 26 Ida. 26, 140 Pac. 1096, wherein it was held that a parol license for a ditch right of way, if sought to be declared perpetual, "would be an easement or interest in real property, which can only be created by operation of law," or written grant signed by the party to be charged; and that where the evidence fails to disclose that considerable money has been expended or valuable improvements made in reliance upon such parol license, and further fails to show that benefits or advantages have accrued to the licensor, the right is revocable.

[9] Here, the parol permission to construct the lateral on the canal bank presents an entirely different situation, clearly distinguishable from the facts in the case last above

cited. The right under consideration was acquired by express agreement, and was not a mere passive acquiescence. The expenditure of money and labor in the construction of the ditches, the moving of his house and buildings to this high land by the plaintiff, the planting of shade and fruit trees, berry bushes, and gardens, all of which was done in reliance upon this license or easement, and with full knowledge of the owner of the servient estate, present strong equities in favor of plaintiff. The district itself, by the irrigation of this five-acre parcel of land, would be directly benefited by the increased revenue it would annually receive therefrom in the way of additional maintenance charges it would collect. These facts, with the other circumstances in the case, would preclude the district, on the principle of estoppel, from now questioning plaintiff's right to maintain and use this lateral. (1 Wiel on Water Rights, 3d ed., pp. 600–602; 15 R. C. L., p. 491, sec. 42; *Gyra v. Windler,* 40 Colo. 366, 13 Ann. Cas. 841, 91 Pac. 36; *Bowman v. Bowman,* 35 Or. 279, 57 Pac. 546; *Arthur Irr. Co. v. Strayer,* 50 Colo. 371, 115 Pac. 724; *Chicosa Irrigating Ditch Co. v. El Moro Ditch Co.,* 10 Colo. App. 276, 50 Pac. 731; *Stoner v. Zucker,* 148 Cal. 516, 113 Am. St. 301, 7 Ann. Cas. 704, 83 Pac. 808; *McBroom v. Thompson,* 25 Or. 559 42 Am. St. 806, 37 Pac. 57. Attention is especially directed to the leading case of *Rerick v. Kern,* 14 Serg. & R. (Pa.) 267, 16 Am. Dec. 497. It will not be necessary to further multiply authorities on this point. At the time of the destruction of this lateral plaintiff had acquired a vested, irrevocable right to its continuation there, subject, however, to the right of the district to furnish a new satisfactory and equally efficient diversion plan, as hereinafter stated and as provided in the decree.

[10, 11] C. S., sec. 8535, provides that where any lateral ditch has been constructed across the land of another, the person controlling the land shall have the right at his own expense, to change the lateral to another part of his land, but such change must be made in such a manner as not to

impede the flow of the waters therein, or otherwise injure any person using or interested in such lateral. An irrigation district can change the place of diversion in its canal, provided that by so doing the water user is not injured, even though he has established and acquired a point of diversion which he has the legal right to use. The plaintiff had his lateral on the right of way of the defendant district. The above section would seem sufficient authority for this defendant to change plaintiff's point of diversion in its Phyllis canal, and to establish one elsewhere, provided this was done in such a manner as to insure the delivery of sufficient water to him, although he had acquired an absolute, irrevocable right to divert water at the water-wheel. There is no reason why the district could not change the point of delivery of plaintiff's water to another more convenient to it, if it supplied him the water to which he is entitled, in proper conduits which it had constructed, at a sufficient level and with sufficient capacity to irrigate the land which had theretofore been irrigated from the original point of diversion. It was equitable to permit the district to do so. That is evidently what the trial court had in mind, and attempted to effect in the decree entered. It was contended by the district that the lateral on the bank of its canal interfered with the riding, cleaning, operation and safety of its canal. The court directed and compelled the defendant district to restore the lateral it destroyed, and to furnish water therein, under conditions designed to protect plaintiff, unless it elected to change the point of diversion. Plaintiff is entitled to water for all of his land, and it is the duty of the district to furnish it for him. In effect, the decree directs the defendant to deliver water for the five acres of high ground at the north end of the flume, into a ditch there now constructed, owned and maintained by plaintiff, or, in lieu thereof, to reconstruct his lateral from the water-wheel to the flume with a carrying capacity equal to the one destroyed. Complaint is made by the defendant that the

provisions in the decree relative to the construction of the lateral are too indefinite and uncertain to be complied with, and that the same should be by this court ordered stricken from the judgment, under the authority of *Hand v. Twin Falls County,* 40 Ida. 638, 236 Pac. 536. The facts in the case mentioned are not in point here. We see nothing inherently difficult, indefinite or uncertain in the requirement that defendant construct a lateral of sufficient size and capacity to carry water for said five acres of land.

All the equities seem to be with the plaintiff. The court simply required the defendant to perform its manifest and legal duty, and in so doing granted it an option which was clearly favorable to it in every respect.

The foregoing considerations sufficiently dispose of all the other questions presented here. The findings and judgment, being sustained by competent evidence and by principles of common sense and justice, should be affirmed.

We recommend that plaintiff's appeal be dismissed and that the decree and judgment be affirmed as entered, neither party to recover costs on appeal.

Babcock and Featherstone, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court. Plaintiff's appeal is dismissed; the judgment is affirmed; no costs awarded.

Petition for rehearing denied.