(No. 5262.   July 31, 1929.)

JESS F. COLLINS, Appellant, v. INGABOR HIBBARD, Respondent.

[279 Pac. 619.]

Verner R. Clements and John W. Cramer, for Appellant.

Tannahill & Leeper, for Respondent.

BUDGE, C. J.—On or about December 9, 1921, appellant entered into an agreement for the purchase of lot 10, block 1, North Park Place Addition to the city of Lewiston. Under the terms of the contract of purchase appellant paid the vendors on the date the contract was made, $400. The balance of the purchase price, $600, was to be paid on or before June 9, 1922. On or about March 1, 1922, appellant made an agreement with respondent whereby the latter paid to appellant's vendors the $600 due on his contract with them, and by agreement between appellant and respondent a deed to the property was taken in the name of respondent. Thereafter, appellant commenced the construc-

tion of an apartment house on the property, towards which respondent contributed certain sums of money at various times. It also appears that upon different occasions appellant turned over to respondent certain money, checks and Liberty bonds, the proceeds of which were either repaid to appellant or paid out by respondent to cover expenses in connection with the construction of the building. Appellant furnished building materials and also made payments on the building, and performed labor thereon during the course of its construction. The transactions carried on between appellant and respondent were not altogether businesslike. All available funds of the parties having been exhausted, liens were filed against the building and numerous debts were incurred which were outstanding and unpaid. In this situation, on November 6, 1922, appellant executed and delivered to respondent a receipt acknowledging full payment and satisfaction of all claims and demands held by him against the premises involved and of all claims against respondent for labor and materials furnished in the construction of the building. On December 8, 1922, appellant and his wife executed and delivered to respondent a quitclaim deed conveying thereby the above-described premises, which instrument was duly recorded. Appellant testified that the receipt and deed were given by him to enable respondent to secure a loan on the premises in order to discharge the liens and other indebtedness against the building. Respondent's testimony was to the contrary, and the court found on this conflicting evidence:

"That . . . . on or about the 6th day of November, 1922, the plaintiff (appellant) agreed to transfer the said premises to the defendant (respondent) in full satisfaction of the amount due her from him for money advanced . . . . in return for which the said defendant agreed to release the plaintiff from any and all liability to her for money borrowed and in pursuance of this agreement the plaintiff made, executed and delivered to the defendant a written release of all claims against the defendant and against the above described property, which said written release is in

evidence in this action. That thereafter on the 8th day of December, 1922, and in pursuance of said agreement the plaintiff and his wife made, executed and delivered to the said defendant a quit claim deed to the said premises which was duly acknowledged and thereafter recorded . . . .

"That the settlement as above set forth between plaintiff and defendant was a full and complete settlement of all affairs between them and by the execution of the said written release and the said quit claim deed this plaintiff intended to and did disclaim and transfer all his right, title and interest in and to the above described premises to the defendant for a good and valuable consideration, to wit, the satisfaction of his obligations to her, and since said time the plaintiff never has had and has not now any right, title or interest in or to the said premises or any part thereof, and is estopped to assert any such right, title or interest."

The main contention of appellant is to the effect that there is no evidence to support the findings or the decree based thereon. We have carefully read the record and find a substantial conflict in the testimony upon all of the essential issues raised by the pleadings. The trial court having found upon conflicting evidence that appellant parted with all right, title and interest to the premises upon the execution and delivery of the receipt and deed, and there being sufficient substantial evidence to support the court's findings, there rests with this court no alternative than to affirm the decree. An appellate court will not disturb the judgment or decree of a trial court where there is a conflict in the evidence if there is sufficient proof, if uncontradicted, to support the judgment or decree. (*Morton v. Whitson,* 45 Ida. 28, 260 Pac. 426; *Hooker v. Schuler,* 45 Ida. 83, 260 Pac. 1027; *Todd v. City of Hailey,* 45 Ida. 175, 260 Pac. 1092; *Hayes v. Independent School Dist. No. 9,* 45 Ida. 464, 262 Pac. 862; *Webster v. McCullough,* 45 Ida. 604, 264 Pac. 384.)

The judgment is affirmed. Costs to respondent.

Givens, T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.