(No. 7055. March 25, 1943.)

E. G. McCARTY and DeESTA McCARTY, Appellants, v. WILLIAM SAUER and LEONE SAUER, Respondents.

[136 Pac. (2d) 742.]

Rehearing denied May 8, 1943.

750

A. A. Merrill, L. H. Merrill, and Merrill & Merrill for appellants.

C. A. Bandel for respondents.

DUNLAP, J.—Appellants, purchasers under the contract herein referred to, sue on the first cause of action for specific performance of the contract; for the delivery and assignment of certain land sale certificates, and that respondents be required to pay to the state the indebtedness owed it thereon; that it be deemed respondents have been fully paid the amount due them for their equity on the contract for the purchase thereof. On the second cause of action for decree of the court requiring respondents to pay the state certain principal and interest alleged to be due it on the certificates, and failing so to do, that they have judgment against respondents for such sum as may be justly due them.

Respondents, vendors in the contract, filed cross-complaint in which they ask judgment against appellants for the sum they claimed due them as the balance on the purchase price of the certificates; for payments made by them after the date of the contract of sale to the state on

the certificates; for taxes advanced and paid, and for advances of cash made by them to and for the benefit of appellants. They also ask for an accounting covering the matters involved in the transactions above referred to.

.A jury was called to act in an advisory capacity, and on certain interrogatories propounded found in effect the parties had agreed the First Security Bank of Idaho Falls should be the escrow holder of the sales contract and state land sales certificates therein enumerated; that appellants had not requested respondents to place said papers in escrow, and respondent William Sauer had never advised appellant E. G. McCarty the contract had been paid out in full and that he would deliver all incident papers to appellants.

These findings were incorporated in and made a part of the findings of the trial court, and on his findings the court entered judgment for respondents against appellants for the sum of $3698.67, plus interest, and directed execution therefore to issue, unless said sum and interest, including court costs, be paid within the time therein fixed by the court, and further directed respondents, upon payment, to assign and deliver to appellants all of said certificates, according to the terms and conditions of said contract of sale.

The appeal is from this judgment.

Numerous assignments of error are alleged, and appellants have stated their theory concerning these assignments, beginning on page 21 of their brief. As we understand this theory, it may be briefly stated as follows:

First: This being an action for specific performance of a contract to convey land sale certificates, and the contract having provided that funds received on the sale of crops were to be applied as payments on the purchase price, it was error on the part of the court to let in respondents' evidence to show the application of these payments from crop receipts on their general account against appellants; in other words, it is claimed respondents were prohibited by law from crediting these payments on their account for a note given them by appellants on account of a tractor purchased, two bank notes aggregating $3200.00 executed by appellants and endorsed and paid by respondent Sauer as an accommodation to appellants, a $500.00 payment made by respondents for appellants' credit to the International

Harvester Company, and a $100.00 check given by respondents to appellants.

Second: It is contended as the court did allow this evidence as to the application of the crop payments, it was error for the court not to make a specific finding of fact concerning each of these items.

Third: That the court erred in failing to find the specific amount of money paid on the contract, and failing to find how much money had been paid to the state on the certificates, and how much was still due the state.

Fourth: That the court erred in failing to find that a $1000.00 note and mortgage given by appellants to respondents was paid and a proper credit on the general account.

Fifth: That the court erred in failing to specifically find as to the amount paid by appellants to respondents for taxes and land sale certificate payments to the state; that the court should have found certain chattel mortgages, given as security by appellants for crop payments as provided by the contract, had been released of record; that the contract between the parties had likewise been released, and in not rendering an accounting between the parties.

Sixth: In allowing respondent Sauer to testify the notes and mortgages given him by appellants, had not been paid after Sauer delivered them back to appellants.

Seventh: In overruling appellants' demurrer to respondents' answer, and in failing to find on appellants' second cause of action.

Eighth: In the finding that there was still due respondents, the sum of $3698.67.

We will dispose of the various assignments, as grouped in the order above.

■ (First.) The learned trial court found on conflicting evidence plaintiffs had made no request as to how or on what indebtedness payments made by them were to be applied. In the case of *Home Owners Loan Corporation v. Stookey*, 59 Ida. 267, 81 P. (2d) 1096, this court said:

"As a general rule, a debtor who owes more than one debt to the same creditor, and who makes a payment to him, has a right to elect upon which of his obligations his payment shall be applied. Should he not make an election, the creditor may apply the payment toward the extinguishment of any obligation to him of the debtor. (48 C.J., p. 643,

sec. 87.) It is said in C.J., Vol. 48, p. 644, sec. 88: 'The weight of authority holds that the debtor must make the application of his payment at or before the time of payment or at least before the creditor, acting on the debtor's omission, has done so. But even when the creditor has failed to act, the debtor cannot direct application long after payment has been made, or after controversy or litigation has been instituted.'" (See also *Smith v. Thomas,* 42 Ida. 375, 245 P. 399; 40 Am. Jur., p. 796, sec. 117.) This general rule as to the application of payments by a creditor is subject to certain well defined limitations (40 Am. Jur., p. 798, sec. 119) among these being, "that where money is derived from a particular source or fund, it must be applied to the relief of the source or fund from which it was derived—at least if the source of the funds is known to the creditor or person receiving the payment." (40 Am. Jur., p. 800, Sec. 123; 48 C. J., p. 652, Sec. 101; *B. F. Steurtevant Co. v. Fidelity & Deposit Co.,* 92 Wash. 52, 158 P. 740, L. R. A. 1917 C, 630; *National Bank of Montana v. Bingham,* 91 Mont. 62, 5 P. (2d) 554; Anno. 96 Am. St. Rept. 53; *Powell v. State,* (Ala.) 4 So. 719.) It is the creditor's duty to make such application when the parties have made a prior agreement that it shall be so made. (48 C. J., p. 652, Sec. 101; *Eagle Drug Co. v. White,* (Tex.) 182 S. W. 378; *Riverside Milling & Power Co. v. Bank of Cartersville,* (Ga.) 81 S. E. 892; 20 Cal. Jur., p. 933, Sec. 18; *Carson v. Cook County Liquor Co.,* (Okla.) 130 P. 303.)

The contract of sale in this case provides the consideration to be paid respondents on the purchase price shall be by delivery on the part of appellants of one-half of all crops grown upon the premises each year until said consideration is fully paid, and further, that such delivery shall be made each year until the indebtedness and interest under the contract to respondents is fully paid; it is further agreed appellants as purchasers, when demanded, are to give as security for payments to respondents, yearly crop mortgages on the crops raised on the land and upon the failure so to give said mortgages, the contract or a certified copy thereof filed in the office of the County Recorder of the proper county shall be considered a proper and legal crop mortgage.

Following the agreement, certain crop mortgages were executed by appellants and received by respondents, and those mortgages contain a provision to effect that they are given in compliance with the agreement above referred to;

the contract was also subsequently filed of record in the chattel mortgage record of Bonneville County, where the land involved is situated.

Respondents admit receipt of payment from crop proceeds in excess of the contract price, interest thereon, and advances by them for taxes and payments on land sale certificates. Under the exception to the general rule above noted, they were in duty bound to apply these payments on the contract purchase price, interest and advances, and therefore, appellants, having fully paid these items, became entitled to the assignment of the land sale certificates.

We find no merit in appellants' assignments grouped above as "second", "third" and "fifth." The trial court's findings must be liberally construed in support of the judgment appealed from. (*Eastwood v. Standard Mines & Milling Co.,* 11 Ida. 195, 81 P. 382; *Gem State Lumber Co. v. Galion Irrigated Land Co.,* 55 Ida. 314, 41 P. (2d) 620; *First Security Bank v. Zaring Farm and Livestock Co.,* 51 Ida. 700, 10 P. (2d) 303; *Cleveland v. Mochel,* 48 Ida. 37, 279 P. 410; *Marysville Development Co. v. Hargis,* 41 Ida. 257, 289 P. 522; *Fouch v. Bates,* 18 Ida. 374, 110 P. 265.) The court was not required to make a specific finding on each of the items which went into the account, and on each of these issues. Findings should be of ultimate facts and not of probative facts. (*Fouch v. Bates,* supra.) In the case of *Mine & Smelter Supply Co. v. Idaho Consolidated Mines Co.,* 20 Ida. 300, 118 P. 301, this court said: "It is unnecessary to make a specific finding on a given issue where the findings of the court are inconsistent with a finding on that particular issue which would have been favorable to the complaining party." (See also *Matthews v. Coate,* 17 Ida. 624, 106 P. 990; *Stewart v. Stewart,* 32 Ida. 180, 180 P. 165.)

As to the assignment set out under the heading "fourth" above, there was a conflict in the evidence, on the question of the payment of this note and mortgage. In the case of *Gore v. Richard Allen Mining Co.,* 61 Ida. 622, 105 P. (2d), 735, this court, citing former decisions, said: "Where a trial court, sitting as a court of equity, makes findings of fact based upon conflicting evidence, and there is evidence to support both theories of the case, and from which reasonable men might draw different conclusions, such findings of fact will not be disturbed on appeal."

We overrule appellants' contention with respect

to the assignment set out in paragraph "sixth." above. These notes and mortgages, when returned to appellants, would constitute no more than mere receipts, and the evidence to explain them was properly admissible. See *Berryman v. Dore*, 43 Ida. 327, 251 P. 727, wherein a like question was discussed, and decided. Therein, the court said: "It is well settled, however, that simple receipts are only prima facie evidence of the truth of the statements recited therein, and that oral evidence is admissible to show that the money receipted for was not, in fact, paid."

We find no merit in appellants' contentions with reference to assignments grouped under paragraph "seventh" above. Appellants' demurrer to the respondents' answer was properly overruled. A bill of particulars was furnished by respondents in this case, and it set forth the amount of money respondents claimed had been paid to them. Appellants were not prejudiced by this ruling of the court. Neither were appellants prejudiced by the failure of the court to find specifically on the matters set out in appellants' second cause of action, in which they allege there was still due, as of January 1, 1942, a certain sum on the state land sale certificates. On the theory of the general accounting made by the court in this case, and that a balance was still due respondents thereon, it was unnecessary for the court to find specifically the amount still due the state, since under the contract such sums were payable by appellants.

We must conclude appellants' claims of payments to respondents for this purpose, were considered and weighed by the trial court in arriving at his conclusion on the accounting rendered.

Neither can we agree with appellants' contention the court erred in finding there was still due respondents from appellants the sum of $3698.67, being assignment set out under paragraph "eighth" above, nor with the assignment the court erred in rendering judgment in favor of respondents and against appellants for this sum. The court's finding was reached on a conflict of the evidence, and it does not appear the court committed error in the finding of this amount. Where the evidence is conflicting in an equity suit, the decision of the trial court will be affirmed, where there is substantial evidence to support it. (*Berding v. Northwestern Securities Co.*, 36 Ida. 384, 211 P. 62; *Robertson v. Moore*, 10 Ida. 115, 77 P. 218; *Collins v.*

*Hibbard*, 48 Ida. 178, 279 P. 619; *Dearing v. Hockersmith*, 25 Ida. 140, 136 P. 994; *Davenport v. Burke*, 30 Ida. 599, 167 P. 481; *State v. Snoderly*, 61 Ida. 314, 101 P. (2d) 9; *Gore v. Richard Allen Mining Co.*, supra.)

Judgment reversed and case remanded to make findings and conclusions and enter judgment in accordance with the views herein expressed, awarding appellants specific performance of the contract, requiring respondents to deliver to appellants the land sales certificates; and that respondents have a personal judgment against appellants on the accounting for the sum of $3698.67, with statutory interest.

No costs awarded.

Ailshie and Givens, JJ., and Sutton, D.J., concur.

Budge, J., sat at the hearing in this case, but did not participate in this opinion.

Holden, C. J., deeming himself disqualified, did not sit at the hearing or participate in the opinion, and in his place Sutton, D.J., sat.

## ON PETITION FOR REHEARING.
### (May 8, 1943.)

DUNLAP, J.—In view of the allegations in the petition for rehearing and the earnestness with which it is urged by counsel for appellants the evidence in this case before the court has again been carefully examined, and we are convinced that the errors urged are without merit.

On the question of respondents' open account against appellants, and the items of charges and credits by them, there was of course, a conflict in the evidence. It is our opinion that the decision of the trial court as to the status of this account is sustained by the following table of charges and credits:

Respondents' Charges to Appellants:

| | |
|---|---|
| Defendants Equity in contract | $2573.26 |
| Tractor note | 860.00 |
| Payment on land certificates by Sauer as of 6-5-34 | 94.52 |
| Payment on land certificates by Sauer as of 11-13-37 | 415.61 |
| Payment of taxes for the year 1937 | 125.06 |
| Payment by Sauer of McCarty note to First Security Bank as of 9-25-37 | 1200.00 |

| | |
|---|---|
| Payment by Sauer of McCarty note to Bank as of 11-20-38 | 2057.91 |
| Payment by Sauer of 1938 taxes as of 12-12-38 | 118.73 |
| Payment by Sauer to State on land sale certificates as of 12-12-38 | 407.72 |
| Payment by Sauer to International Harvester Company | 500.00 |
| Advance by Sauer to McCarty | 100.00 |
| Payment by Sauer to State on land sale certificates as of 2-29-39 | 387.40 |
| Payment by Sauer to county on taxes as of 11-27-39 | 142.71 |
| Payment by Sauer to State on land sale certificates as of 2-9-40 | 380.01 |
| Payment by Sauer to county on taxes as of 12-12-41 | 141.65 |

| | |
|---|---|
| Total | $ 9,504.58 |
| Interest charges on various items | 2,020.11 |
| Grand Total | $11,524.69 |

Respondents' Credits to Appellants:

| | |
|---|---|
| Jan. 28, 1935. Wheat check | $ 215.07 |
| Jan. 15, 1935. Wheat check. | 164.44 |
| Sep. 20, 1936. Wheat check. | 112.65 |
| Mar. 10, 1937. Wheat check. | 256.78 |
| Aug. 30, 1939. Barley check. | 60.00 |
| Sep. 19, 1939. Wheat check. | 1475.00 |
| 1940 Wheat. | 300.00 |
| Jan. 17, 1941. Wheat check. | 842.66 |
| August 1939. Wheat. | 5.25 |
| Dec. 1, 1937. Wheat. | 1602.26 |
| Nov. 1938. Wheat. | 1273.19 |
| Jan. 1, 1939. Wheat. | 1124.00 |
| Additional Credits in 1937 | 372.96 |
| | 21.76 |

| | |
|---|---|
| Total | $7,826.02 |

Under the well known rule of this court on the question of conflict of evidence, we are not at liberty to disturb the findings of the trial court, and we believe its findings are amply supported by the evidence.

Therefore, the judgment for $3698.67 and interest in

favor of respondents against appellants, is reaffirmed, respondents to deliver to appellants the certificates of sale of state land, appellants to pay the balance due the state thereon.

Petition for rehearing denied.

Ailshie and Givens, JJ., and Sutton, D.J., concur.

Budge, J., sat at the hearing in this case, but did not participate in this opinion.

Holden, C.J., deeming himself disqualified, did not sit at the hearing or participate in the opinion and in his place Sutton, D.J., sat.