(No. 7178. October 19, 1944.)

C. H. CHECKETTS and LINDA CHECKETTS, his wife, Respondents, v. W. J. THOMPSON and MABEL THOMPSON, his wife, Appellants.

(152 P. (2d) 585.)

716

P. J. Evans, for appellants.

Black and Black for respondents.

DUNLAP, J.—Respondents (plaintiffs below) brought this action to quiet their title as against the claims of ap-

pellants (defendants below) to a waterhole and right-of-way to the same, both on lands occupied and being purchased by appellants, and to recover damages alleged to have been sustained and caused by appellants in filling in said waterhole and in depriving respondents of the right to use of same, and of said right-of-way. The right-of-way and waterhole are located on a forty-acre tract adjoining and south of respondent's land hereinafter referred to as the McCarey land.

The trial was before the court, without a jury, and the court made and entered Findings, Conclusions of Law and Decree favorable to respondents.

The court found, in effect, that respondents were the owners of and entitled to the possession and use, as appurtenant to their lands, perpetually, of said right-of-way for the passage and travel of livestock, and to said waterhole; that the same had been so used by respondents continuously, openly, notoriously and under claim of right, and maintained and possessed under fences, for a period of 21 years next preceding commencement of the action, and that during all of said period, the said use had been acquiesced in, and been with the full, actual and continuous knowledge of appellants and their predecessors-in-interest; that appellants, and their successors-in-interest had no right to interfere in said rights and should be enjoined and debarred from so doing, and that respondents had been damaged in the sum of $300 by the acts of appellants in tearing down portions of the right-of-way fence, filling in the said waterhole, and refusing respondents the use of same.

Judgment was entered accordingly.

Appellants' assignments of error are seven in number, and are all to effect the evidence does not support the findings.

We have carefully reviewed the evidence, and while there is a conflict therein, we deem it ample to support the court's findings. No useful purpose can be served by reviewing the same at length here, as it is quite voluminous, but it is probably sufficient to say that the oral testimony of respondent Checkett and his witnesses, support all the findings, while the oral testimony of appellant and his witnesses do not. This Court has repeatedly held that where conflicting evidence is submitted to a trial court sitting without a jury, either as a court of law or as a court

of equity, the findings of the court on questions of fact will not be disturbed, where there is competent evidence to support them. (*Viel v. Summers*, 35 Ida. 182, 209 P. 454; *Davenport v. Burke*, 30 Ida. 599, 167 P. 481; *Lus v. Pecararo*, 41 Ida. 425, 238 P. 1021; *Collins v. Hibbard*, 48 Ida. 178, 279 P. 619; *Snell v. Stickler*, 50 Ida. 648, 299 P. 1080; *State v. Snoderly*, 61 Ida. 314, 101 P. (2d) 9; *Roddy v. State*, 65 Ida. 137, 139 P. (2d) 1005; *Picciano v. Miller*, 64 Ida. 759, 137 P. (2d) 788; *McCarty v. Sauer*, 64 Ida. 748, 136 P. (2d) 742.)

It is apparent, however, that appellants' claim as to the insufficiency of the evidence is based on the theory that respondents have failed to show facts necessary to constitute a prescriptive right to the easement on appellants' land so claimed by respondents, and they cite authority to sustain the well established principle of law that in order to constitute a right by prescription it is necessary the right be hostile, under a claim of right, actual, open and notorious, exclusive and continuous, and uninterrupted. (2 C. J. S. 520.)

It appears from the evidence that in 1918 one A. N. Checketts, brother of respondent C. H. Checketts, entered into a written contract to purchase this McCarey forty-acre tract, from James L. McCarey, the then owner thereof; he took possession under the contract, and remained in possession and farmed the same between six and seven years; that about one year after taking possession, he and said respondent made a verbal agreement whereby respondents were given permission to construct the waterhole in question, and to use the same together with the right-of-way for the travel of their cattle to and from the waterhole, for a consideration of $100, which the testimony shows was paid; the testimony further shows that respondents after paying the consideration, and in 1919, dug the hole, fenced it, and the right-of-way, and continued to use the same and to maintain the fences as alleged in the complaint, until 1942; that during the time A. N. Checketts retained and farmed the McCarey place, he also used the waterhole, by permission of respondents; that A. N. Checketts retained possession of this McCarey tract until 1924 when he got behind on his contract payments, at which time he signed a deed back to the said James L. McCarey for a consideration of $1.00 and cancellation of ac-

crued indebtedness under the contract, and moved off the place. No deeds to the property in dispute were passed between the brothers.

There is evidence to show that after the termination of the contract of sale, Mr. McCarey farmed the tract himself one year; that during the period from 1919 to 1924 Mr. McCarey was at the waterhole several times a year, and that at no time during this period did he make any objection to the use of these rights by respondents; and that the rest of the time it had been farmed by others; that Mr. Mc-Carey died in May, 1935; that appellant Thompson had been familiar with the place for 20 years, and had observed the Checketts' cattle using said waterhole during said time. Both prior and subsequent to Mr. McCarey's death, Thompson looked after the tract, first for McCarey, and later for McCarey's widow. He purchased the property under written contract of sale from McCarey's widow, in 1940.

There is also evidence to show that McCarey acquiesced in the use of these claimed rights by respondents, and that the waterhole and lane are plainly visible to travelers from the highway adjoining the McCarey tract on the east, and that for 20 years or longer, this highway had been often used by appellant Thompson who, during this period of time, lived and worked in the vicinity of the place.

Appellants argue that the use of these rights by respondents had been permissive, and rely on the following statement by this Court in the case of *Hall v. Taylor*, 57 Ida. 668, 67 P. (2d) 901, to-wit: "An adverse right is not originated by consent, but rather against the will and without the consent of the true owner, and generally rests upon an original trespass which matures into a property right by reason of the true owner allowing the claimant or trespasser to continue the adverse use and possession uninterruptedly and with assertion of right until the statutory period has run, which bars the true owner from either asserting or defending his right to the property."

This statement is, of course, correct, but not applicable to the facts in this case, which involves a prescriptive right, as discussed in *Last Chance Ditch Co. v. Sawyer*, 35 Ida. 61, 204 P. 654, and *Johnson v. Gustafson*, 49 Ida. 377, 288 P. 427.

Respondents entered upon this land and the use and enjoyment of these claimed rights by express agree-

ment for their purchase and use. This was a use based upon a claim of right (See Thompson on *Real Property*, Permanent Ed., Vol. 1, p. 715, sec. 434; 28 C. J. S., p. 657, sec. 14 (c); *Jensen v. Gerrard, et al*, 85 Utah 481, 39 P. (2d) 1070; *Holm v. Davis*, 41 Utah 200, 125 P. 403; 44 L. R. A. (N. S.) 89; *Oneto v. Restano*, 78 Cal. 374, 20 P. 743; *Gyra v. Windler*, 40 Colo. 366, 91 P. 36; *Lechman v. Mills, et al.*, 46 Wash. 624, 91 P. 11; 13 L. R. A. (N. S.) 990; *Coventon v. Seufert*, 23 Ore. 548, 32 P. 508,) and, as the evidence showed such use to have been open, continuous, and unmolested for a period of twenty-one years, the burden was upon appellants to show that the use was permissive (17 Am. Jur. 981, sec. 72; *Taylor v. O'Connel*, 50 Ida. 259, 295 P. 247; 28 C. J. S. p. 734, sec. 68,) and, in our opinion, the record does not support this conclusion.

Furthermore, it is clearly apparent that respondents after obtaining the grant, expended money, or its equivalent in labor, in the use of these rights so granted, by constructing the waterhole and fences adjoining the right-of-way, and by maintaining the same, and under these and other circumstances in this case, these rights thus became irrevocable. (*Harsin v. Pioneer Irr. Dist.*, 45 Ida. 369, 263 P. 988.)

As above indicated, it very definitely appears from the evidence of appellant Thompson, that he purchased the McCarey tract with actual notice and knowledge of the use of this right-of-way, and waterhole, by respondents, over a period of many years (See 28 C. J. S. p. 713, sec. 49.) Under such circumstances he took the same, subject to the easements with which it was thus burdened. The rule is stated in 28 C. J. S. p. 711, sec. 48, as follows: "One who purchases land expressly subject to an easement, or with notice, actual or constructive, that it is burdened with an existing easement, takes the land subject to the easement."

Judgment must be, and is, affirmed.

Costs to respondents.

Holden, C. J., Ailshie, Budge and Givens, JJ., concur.